# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWAYNE WILLIAMS and KARLA VARGAS,<br><br>                Plaintiffs<br>vs.<br>ABC LLC d/b/a KIDS EMPIRE and HAIM ELBAZ,<br><br>                Defendants. | Civil Action No.:2:22-cv-05327-EP-JSA |

_____

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
## OF PLAINTIFFS' MOTION FOR REMAND

_____

**Constangy Brooks Smith & Prophete LLP**
John E. MacDonald
100 Charles Ewing Blvd, Suite 140
Ewing, New Jersey 08628
609-357-1183
*Attorneys for Defendants*
*Kids Empire LLC and Haim Elbaz*

1

## I. PRELIMINARY STATEMENT

Plaintiffs argue that Defendants have not satisfied the "amount in controversy" diversity requirement. While Defendants' claim they are seeking less than the seventy-five thousand dollar statutory requirement, this is not the actual test. Rather, the amount they *could* recover in this action is the appropriate test. Under this rubric, potential compensatory damages, along with attorneys' fees and statutory attorneys' fees can easily exceed the seventy-five thousand dollar amount.

## II. FACTS

Plaintiffs were terminated in February of 2022. At the time of Plaintiff Williams' termination, he was paid $15.00 per hour. (See Ramirez Certification). Full-time, this hour rate equates to approximately $31,200 (annualized). At the time of Plaintiff Vargas' termination, she was paid $14.00 per hour (annualized $29,120.00); together $60,320.

Using his possible wage loss to date, calculating Plaintiff's Williams' pay from near the date of his termination until October 2022 amounts to $21,942.00. Plaintiff Vargas' salary from on or about the date of her termination in February, 2022 until October, 2022, amounts to approximately $19, 413. These amounts together are $41,355.

## III. PLAINTIFFS' CLAIMS FOR ALL DAMAGES, INTEREST, ATTORNEYS; FEES, COSTS AND OTHER RELIEF ESTABLISH THAT THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000.00 THRESHOLD.

In the removal context, "determining the amount in controversy begins with a reading of the complaint filed in state court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). Where, as here, a complaint is "open-ended" and does not allege a specified amount of damages sought, the district court should perform its "own independent appraisal of the value of

the claim." *Angus v. Shiley Inc.*, 989 F.2d 142, 145–146 (3d Cir. 1993) (citing *Corwin Jeep Sales & Serv., Inc. v. Am. Motors Sales Corp.*, 670 F. Supp. 591, 596 (M.D. Pa. 1986)). To determine the amount in controversy, courts in this Circuit consider the complaint, the notice of removal, and the submissions related to plaintiffs' motion to remand. *See USX Corp. v. Adriatic Ins. Co.,* 345 F.3d 190, 205 (3d Cir. 2003) n. 12 (3d Cir. 2001) (recognizing that jurisdictional facts required to support removal may be found in later-filed affidavits). In addition, courts are to conduct a "reasonable reading of the value of the rights being litigated" and not focus on the "low end of an open-ended claim." *Angus*, 989 F.2d at 146.

In *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007), the Court of Appeals for the Third Circuit clarified approaches to determining the amount in controversy when challenged by a plaintiff who is seeking to remand the matter to state court:

> *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006) applies where the complaint specifically avers that the amount sought is less than the jurisdictional minimum. There, a defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount. By contrast, *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004), applies where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum. There the case must be remanded if it appears to a legal certainty that the plaintiff <u>cannot</u> recover the jurisdictional amount. (emphasis added)

*Id.* at 196-97. *See also Napoli v. HSBC Mortgage Services, Inc.*, No. 12-CV-222, 2012 U.S. Dist. LEXIS 121204 (D.N.J. Aug. 27, 2012) ("If the state court complaint is silent or ambiguous on any of the ingredients necessary to calculate the amount in controversy, ... the court will decline to remand unless it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount.")

Before applying the legal certainty test under *Morgan* or *Samuel-Bassett*, any disputes of material fact must be resolved. *U.S. Olympic Comm. v. Ruchman*, No. 09-4618, 2010 U.S. Dist.

LEXIS 52840 (D.N.J. May 28, 2010). Factual disputes are resolved using the preponderance of the evidence standard. *Id*. When the facts are not in dispute, or after the court makes factual findings, the court then applies the *legal certainty* standard to those facts. *Frederico*, 507 F.3d at 194, 196. See also *Clark v. J.C. Penney Corp., Inc.*, No. 08-4083, 2009 U.S. Dist. LEXIS 129380 (D.N.J. June 1, 2009) (rejecting plaintiff's "half-hearted" argument that disputes existed regarding jurisdictional facts, where all facts at issue came from complaint, notice of removal and documents relied upon by plaintiff in remand motion).

Here, there are no factual disputes impacting the Court's jurisdictional analysis. Therefore, the *Samuel-Bassett* standard is applicable here. Thus, it must appear to a *legal certainty* that Plaintiffs cannot recover more than $75,000 before this case can be remanded.

Here, the amount in controversy can exceed the $75,000.00 threshold when the Plaintiff's salaries, annual or from the date of termination, as well as other relief sough are taken into consideration. Count One of the Plaintiffs' Complaint alleges retaliation in violation of the New Jersey Conscientious Employee Protection Act. Under CEPA, a plaintiff may recover lost wages and lost employee benefits, damages for emotional distress, and punitive damages and attorneys' fees, which both Williams and Vargas seek to recover in this suit. Williams and Vargas' collective annual earnings (approximately $60,000) alone almost reach the limit, without a dollar of attorneys' fees or punitive damages, not to mention the alleged emotional distress damages.

In addition to lost wages, Plaintiffs seek punitive damages as to the CEPA claim. Because punitive damages are recoverable under CEPA, *see Longo v. Pleasure Prods., Inc.*, 215 N.J. 48, 58 (2013) (quoting *Abbamont v. Piscataway Twp. Bd. of Educ.*, 138 N.J. 405, 419 (1994)), punitive damages are considered when determining the amount in controversy. *Frederico*, 507 F.3d at 199; *Goralski v. Shared Techs., Inc.*, No. 09-2461, 2009 U.S. Dist. LEXIS 69042 (D.N.J. Aug. 7,

2009) (punitive damages "increases the likelihood that the amount-in-controversy threshold has been satisfied"). Under New Jersey law, punitive damages can total up to five times the compensatory damage award. N.J. Stat. Ann. § 2A:1S-S.13(b).

Further, Plaintiffs seek other relief available under CEPA which includes damages for emotional distress. Case law suggests that emotional distress damages can be anticipated to exceed the jurisdictional minimum threshold. See *Clark v. J.C. Penney Corp.*, No. CIV.A. 08-4083 (PGS), 2009 WL 1564175, at *4 (D.N.J. June 1, 2009) (noting damages for pain and suffering "could be great should this case proceed to trial before a jury"); *Fields v. Zubkov*, No. 08–2016, 2008 WL 4447098 (D.N.J. Sept.26, 2008) ("Juries are basically unrestricted in their ability to award pain and suffering damages.").

Plaintiffs also seek to recover attorneys' fees, which are appropriately considered when determining the amount in controversy. *Frederico*, 507 F.3d at 199. The Third Circuit has held that attorney's fees can be estimated as high as 30% of the judgment when making the amount in controversy calculation. *Id.* In addition, attorney's fees, if awarded, are calculated at the time of trial. *See Blum v. Witco Chemical Corp.*, 829 F.2d 367, 373 (3d Cir. 1987).

Plaintiffs have failed to sustain their burden of showing that they cannot recover damages in excess of the $75,000 jurisdictional requirement. Thus, as it does not appear to a legal certainty that Plaintiffs cannot recover the jurisdictional amount, the case need not be remanded.

Therefore, if Williams and Vargas were each to only recover lost wages from the date of their terminations to the present, punitive damages, and attorneys' fees, each Plaintiff's damages alone would exceed the jurisdictional threshold. Similarly, in the *Uddin* case, the court determined that if Plaintiff recovered less than two months of back-pay, punitive damages, and attorney's fees, his damages would exceed the jurisdiction threshold. *See, Uddin v. Sears*, *Roebuck & Co.*, No.

CIV.A. 13-6504 JLL, 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014); *see also Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (court stated that a request for punitive damages will generally satisfy the amount in controversy requirement).

Here, it is easy to provide an example of how two plaintiffs claiming CEPA can more than surpass the jurisdictional limit. For example, each Plaintiff is awarded a year and half of damages (takes them to about 90,000), plus ten thousand each for emotional distress and fifty thousand in punitive damages (along with a two hundred thousand dollar attorneys' fees application). Such an outcome is far from feasible. Surely, Plaintiffs' cannot demonstrate *beyond a legal certainty* that such an outcome is possible. As a result, remand is not justified.

## IV. CONCLUSION

For the foregoing reasons, Defendants Kids Empire and Haim Elbaz respectfully request the Court deny Plaintiffs' Motion to Remand.

Respectfully submitted,<br>
**Constangy Brooks Smith & Prophete LLP**<br>
By: <u>/s/ John E. MacDonald</u><br>
John E. Macdonald<br>
*Attorneys for Defendants*<br>
*Kids Empire and Haim Elbaz*

Dated: October 7, 2022

8583393v.2