# DASCAL LAW LLC

350 Springfield Avenue, Suite 200
Summit, New Jersey 07901
T: (732) 930-1110
F: (732) 307-6952
jordan@dascallaw.com

<u>**Via CM/ECF**</u>
Hon, Evelyn Padin, U.S.D.J.
United States District Court for the District of New Jersey

  **Re:**  **Williams, et al. v. ABC LLC, et al.**
    <u>**Docket No.: 2:22-cv-05327-EP-JSA**</u>

Dear Judge Padin:

I represent the Plaintiffs. This is Plaintiffs' reply letter brief in support of Plaintiffs' motion to remand. Per *L. Civ. R.* 7.1(d)(4), no formal brief is necessary because of the extremely short nature of this reply.

Even now, Defendants do not offer any reasonable factual explanation to suggest the amount in controversy may exceed $75,000. Instead, Defendants bend over backwards to inflate the numbers to meet their burden. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 504 (3d Cir. 2014) ("We require the party alleging jurisdiction to justify his allegations by a preponderance of the evidence.") (internal modifications and quotes omitted).

First, Defendants' calculation of Plaintiffs' lost wages makes no sense. It assumes, incorrectly, that Plaintiffs have been continuously unemployed from when they were fired until the current date. If Plaintiffs found a new job at higher

wages two days later, they would only have a few hundred dollars in economic damages.

Second, Defendants wrongfully aggregate Plaintiffs' damages together, when they should be considered separately. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) ("In general, the distinct claims of separate plaintiffs cannot be aggregated when determining the amount in controversy.")

Third, Defendants use the wrong end date for those calculations to further inflate them. They use the current date of October 2022, instead of when the complaint was filed back on August 5, 2022. [DE 1-1, p.5]; *Id.* at 396 ("we assess whether [plaintiff] met the amount-in-controversy threshold by considering only the circumstances that existed in January 2013, when [plaintiff] filed its amended complaint in this case.")

Fourth, Defendants suggest that legal fees may significantly contribute to the amount in controversy, when little in the way of legal fees have been accrued to date, and may never accrue beyond a mere pittance as the parties have already had preliminary settlement discussions. *Gardynski-Leschuck v. Ford Motor Company*, 142 F.3d 955, 959 (7th Cir. 1998) ("legal expenses that lie in the future and can be

avoided by the defendant's prompt satisfaction of the plaintiff's demand are not an amount 'in controversy' when the suit is filed.").

Fifth, Defendants wrongfully include punitive damages in the calculations. Punitive damages do not count when "unavailable as a matter of state substantive law." *Golden ex Rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004). Here, they are unavailable, as they were not requested in Plaintiffs' complaint. [DE 1-1]; *N.J.S.A.* 2A:15-5.11 ("An award of punitive damages must be specifically prayed for in the complaint."); *In re Gloria T. Mann Revocable Tr.*, 468 N.J. Super. 160 (App. Div. 2021).

Sixth, the fact that Defendants need to drastically inflate the numbers show that they have little hope of meeting the amount in controversy requirement for each Plaintiff. *See* 14AA Wright & Miller § 3702, pp. 822-28 (discussing "situations [which] clearly meet the legal certainty standard for purposes of defeating the court's subject matter jurisdiction on that basis" such as "when independent facts show that the amount of damages claimed has been inflated by [a party] merely to secure federal court jurisdiction.")

Regardless, Defendants' new allegations cannot be added now anyway to meet their jurisdictional burden. Instead, Defendants must have made the allegations in their notice of removal. *Cf. Judon v. Travelers Prop. Cas. Co. of Am.*,

3

773 F.3d 495, 500 (3d Cir. 2014) ("In order to determine whether the CAFA jurisdictional requirements are satisfied, a court evaluates allegations in the complaint and a defendant's notice of removal.") But Defendants made no such allegations in their notice of removal.

It is too late for Defendants to amend their notice of removal to add these new allegations, as the 30 day removal period has expired. *See* 28 U.S.C. § 1446(b); [DE 1] ("Defendants first received notice of the Complaint … on August 5, 2022."). Numerous decisions in the District of New Jersey have explained that:

> "A party may freely amend the notice of removal within the thirty-day period provided by § 1446(b) to remove an action." *Pickett v. Marriott Int'l, Inc.*, Civ. A. No. 13-6556, 2014 U.S. Dist. LEXIS 74790, at *5 (D.N.J. Mar. 24, 2014) (citing *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.13 (3d Cir. 2003)). However, after the 30-day period expires, amendment to the notice of removal "will be permitted only to the extent that it clarifies or corrects an **allegation already contained in the original notice**" but not to add a new basis for removal jurisdiction. *Id.*, at *9 (citing *USX Corp.*, 345 F.3d at 205 n.12 (citing 28 U.S.C. § 1653))....

PMC, Inc. v. Tomco Constr., 2:21-cv-13470 (BRM) (JSA), at *6 (D.N.J. Nov. 18, 2021) (emphasis added, unpublished, available at https://casetext.com/case/pmc-inc-v-tomco-constr); *See e.g. State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 241 (D.N.J. 2002) ("Completely new grounds for removal jurisdiction may not be added and **missing allegations may not be furnished**, however.") (emphasis added, internal cites omitted); *N.J. Prop.-Liab. Ins. Guaranty Ass'n v. Speciality Risk Servs., LLC*, Civil Action No. 15-06565 (ES) (MAH), at *7 (D.N.J. July 8, 2016) ("Recall, Defendants 'must demonstrate that removal is proper based on the allegations in the complaint and the notice of removal.' *Kimmet*, 2000 WL 822513, at *2. Moreover, "[c]ompletely new grounds for removal jurisdiction may not be added and **missing allegations may not be furnished**."") (emphasis added, unpublished, available at https://casetext.com/case/nj-property-liability-ins-guaranty-assn-sec-fund-v-speciality-risk-servs-llc); *Chipego v. Allergan Inc.*, 2:21-cv-16010 (BRM) (ESK), at *7 (D.N.J. Jan. 14, 2022) ("However, after the 30-day period expires, amendment to the notice of removal 'will be permitted only to the extent that it **clarifies or corrects an allegation already contained in the original notice**' but not to add a

new basis for removal jurisdiction.") (emphasis added, unpublished, available at https://casetext.com/case/chipego-v-allergan-inc).

Defendants have not alleged that the matter in controversy exceeds $75,000 *in their notice of removal*. The allegations they offer now are clear attempts to inflate Plaintiffs' damages to obtain federal jurisdiction. Regardless, they cannot furnish those missing allegations now, anymore than a party could add new facts and claims in the middle of a trial. Defendants failed to meet their burden of proving that this Court has subject-matter jurisdiction. Therefore, this matter should be remanded back to the Superior Court of New Jersey.

## Certification of Service

I certify that on the date signed below, I electronically filed this document with the clerk of court using the CM/ECF system, which will send notice of electronic filing to attorneys of record.

Dated: 10/9/22

*/s/ Jordan B. Dascal*
Jordan B. Dascal, Esq.
Dascal Law LLC
350 Springfield Ave, Ste 200
Summit, NJ 07901
T: (732) 930-1110
F: (732) 307-6952
jordan@dascallaw.com